UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIGITTE STELZER,

                       Plaintiff,

- against -

ADVANCE PUBLICATIONS, INC.,

                       Defendant.

Docket No. 1:17-cv-4267

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Brigitte Stelzer ("Stelzer" or "Plaintiff"), by and through her undersigned counsel, as and for her Complaint against Defendant Advance Publications, Inc. ("Advance" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of pit bull dog named Apollo, owned and registered by Stelzer, a New York City-based photojournalist. Accordingly, Stelzer seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or is doing business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Stelzer is a professional photojournalist in the business of licensing her photographs to online, print, and television stations for a fee, having a usual place of business at 22-39 74th Street, East Elmhurst, New York 11370. Stelzer's photographs have appeared in many publications around the United States.

6.      Upon information and belief, Advance is a domestic business corporation duly organized and existing under the laws of the State of New York, with a place of business at 950 West Fingerboard Road, Staten Island, New York 10305.  Upon information and belief, Advance is registered with the New York Department of State, Division of Corporations to do business in the State of New York.  At all times material hereto, Advance has owned and operated a website at the URL: www.teenvogue.com (the "Website").

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photograph**

7.      On November 30, 2016, Stelzer photographed a pit bull dog (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.      Stelzer then licensed the Photograph to the New York Post. On November 30, 2016, the New York Post ran an article that featured the Photograph on its web edition entitled, *Hero dog stops rape*.  See http://nypost.com/2016/11/30/hero-dog-saves-owner-from-attempted-rape/. Stelzer's name was featured in a gutter credit identifying her as the photographer of the

Photographs. A true and correct copy of the Photograph in the article is attached hereto as Exhibit B.

9. Stelzer is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-026-482.

**B.    Defendant's Infringing Activities**

11. Upon information and belief, on or about December 2, 2016, Advance ran an article on the Website entitled *Puppy Saves Teen From Attempted Rape*. See http://www.teenvogue.com/story/puppy-saves-teen-from-attempted-rape. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit C.

12. Advance did not license the Photograph from Plaintiff for its article, nor did Advance have Plaintiff's permission or consent to publish the Photograph on its Website.

13. Upon information and belief, Advance removed Stelzer's credit and falsely attributed the Photograph to Maya Fairweather.

<u>**FIRST CLAIM FOR RELIEF**</u>
<u>**(COPYRIGHT INFRINGEMENT AGAINST ADVANCE)**</u>
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Advance infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Advance is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photograph.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Advance have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover her damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST ADVANCE
## (17 U.S.C. § 1202)

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23. When the Photograph was published in an article in the New York Post, the article contained copyright management information under 17 U.S.C. § 1202(b).

24. Upon information and belief, in its article on the Website, Advance intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

25. The conduct of Advance violates 17 U.S.C. § 1202(b).

26. Upon information and belief, Advance's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Advance intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Advance also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyrights in the Photograph.

28. As a result of the wrongful conduct of Advance as alleged herein, Plaintiff is entitled to recover from Advance the damages, that s/he sustained and will sustain, and any gains, profits and advantages obtained by Advance because of its violations of 17 U.S.C. §1202, including attorney's fees and costs.

29. Alternatively, Plaintiff may elect to recover from Advance statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Advance be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Advance be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That, with regard to the First Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated:   Valley Stream, New York
         June 6, 2017

                                        LIEBOWITZ LAW FIRM, PLLC

                                        By: /s/Richard Liebowitz
                                            Richard P. Liebowitz
                                            11 Sunrise Plaza, Suite 305
                                            Valley Stream, New York 11580
                                            Telephone: (516) 233-1660
                                            RL@LiebowitzLawFirm.com

                                        *Attorney for Plaintiff Brigitte Stelzer*